IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER D. CARTER                                                                              PLAINTIFF

      v.                                      Civil No. 11-3016

JIM PEDIGO, Public Defender;
INVESTIGATOR TOM FISHER;
INVESTIGATOR BECKY VAREO;
and PROSECUTING ATTORNEY
RON KINCADE                                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Roger D. Carter filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me for a determination of whether service of process should issue.

### I. Background

According to the allegations of the amended complaint (Doc. 4), Plaintiff was arrested on October 27, 2004, for failure to register as a sex offender. Public Defender James Pedigo was appointed to represent him. Ron Kincade was the prosecuting attorney assigned to the case. The two investigators working on the case were Becky Vacco and Tom Fisher.

Plaintiff was convicted of failure to register. On April 12, 2007, Plaintiff maintains the conviction was overturned.

As relief, Plaintiff seeks an award of $250,000 from each party involved. He also seeks reimbursement of all money he paid as a result of the criminal conviction such as fines and court costs.

-1-

## II. Discussion

This case is subject to dismissal. First, the claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred between 2004 and 2007 would be barred by the statute of limitations.

Second, James Pedigo is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). James Pedigo was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Third, Prosecuting Attorney Ron Kincade is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.

AO72A
(Rev. 8/82)

### III. Conclusion

For the reasons stated, I recommend that this case be dismissed prior to service of process as the claims are frivolous or are asserted against an individual immune from suit.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of April 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)